FILED
2009 Mar-16 PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY DENNIS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-G-1242-S |
| ) | |
| RICHARD G. POFF, JR., ) | |
| ) | |
| Appellee. ) | |

MEMORANDUM OPINION

This cause is before the court on appeal from an order entered May 1, 2008, by the Bankruptcy Court for the Northern District of Alabama denying appellant's motion to reopen the bankruptcy case. The court has jurisdiction pursuant to 28 U.S.C. § 158.

STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

DISCUSSION

In its order denying appellant's motion to reopen the case, the bankruptcy court set forth appellant's long history of attempts to set aside the discharge and have the case reopened. The bankruptcy court held yet another hearing on appellant's latest motion to reopen the case, and recited the reasons the case could not be reopened. (See Transcript of Hearing, June 10, 2008, Bankruptcy Doc. # 89) Additional reasons for denying the appellant's motion to

reopen were given in the bankruptcy court's written order of May, 1, 2008, and the court incorporated by reference "the evidence and reasons set forth on the record in the three prior hearings." Among that evidence was the transcript of the hearing held October 16, 2007, on one of appellant's prior motions to reopen the case. (See Transcript of Hearing, October 16, 2007, Bankruptcy Doc. # 24.) At that hearing, the appellant testified that he became aware of the debtor's bankruptcy case on August 15, 2005, after a suggestion of bankruptcy was filed in a state court lawsuit. (Id. at 2.) Because of the appellant's delay of over a year in seeking to have debtor's discharge set aside, the bankruptcy court informed the appellant that the case could not be reopened under 11 U.S.C. § 727.[1] (Id. at 7.)

---

[1] 11 U.S.C. §727 provides in pertinent part as follows:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--

    (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

    (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

    (3) the debtor committed an act specified in subsection (a)(6) of this section; or

    (4) the debtor has failed to explain satisfactorily--

        (A) a material misstatement in an audit referred to in section 586(f) of title 28; or

        (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge--

    (1) under subsection (d)(1) of this section within one year after such discharge is granted; or

    (2) under subsection (d)(2) or (d)(3) of this section before the later of--

        (A) one year after the granting of such discharge; and

        (B) the date the case is closed.

3

This court reviews the bankruptcy court's denial of a motion to reopen for "clear abuse of discretion." See, In re Lindsay, 59 F.3d 942, 950 (9th Cir. 1995). The court has done so and concludes that the bankruptcy court did not abuse its discretion and that its ruling on plaintiff's latest motion to reopen was reasonable. See id. at 950 ("The standard of review is 'clear abuse of discretion,' and the ruling was eminently reasonable.") Accordingly, the court will affirm the decision of the bankruptcy court.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 16 March 2009.

/s/ J. Foy Guin, Jr.
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.